GEORGE A. CLARK and another *vs.* ALBERT H. LINDEKE, Assignee.

June 13, 1890.

Insolvency—Partnership—What Debts are Provable.—The members of a copartnership having made a general assignment of both individual and partnership property for the benefit of creditors, a debt of the insolvents is provable as a claim in the insolvency proceedings, whether the debt be of an individual or partnership character.

Same—Debts of Old Firm Assumed by Insolvent Firm.—It being agreed between the members of a copartnership that it should be dissolved; that a new partnership should be formed, consisting of some of the members of the old firm; that the new firm should take all the assets of the old firm, and should pay all its debts,—*held,* that an indebtedness thus assumed became a debt of the new firm, and provable as such in subsequent insolvency proceedings against the new firm.

Same—Note for Amount of Former Note and Interest.—An allowance by the district court, as a claim against an insolvent estate, of the amount of a promissory note of the insolvents given in renewal of former notes for an indebtedness, sustained, although the new note included a certain amount of interest computed on the former notes, while the latter did not on their face bear interest before maturity; the evidence not having been returned.

Appeal by defendant from a judgment of the district court for Hennepin county, allowing plaintiffs' claim of $146,333 against the insolvent estate of his assignors.

*Wilson & Lawrence, Lusk & Bunn,* and *J. M. Shaw,* for appellant.
*Charles B. Meyer* and *Jackson & Atwater,* for respondents.

DICKINSON, J. The partnership firm of Geo. A. Clark & Bro. presented a claim of indebtedness of $146,333 for allowance against the insolvent estate of the firm of Shotwell, Clerihew & Lothman, which was disallowed by the assignee. The claimants appealed to the district court. The matter was referred to George C. Ripley, Esq., upon whose report, in favor of the claimants, judgment was entered allowing the claim. From that judgment the assignee of the insolvent estate prosecutes this appeal.

From the findings of fact by the referee we draw this brief statement of the case, omitting some facts which we deem immaterial: For some years prior to February, 1884, the assignors, Shotwell, Clerihew & Lothman, were engaged in business at Cincinnati, Ohio, as partners. William Clark, a member of the partnership firm of Geo. A. Clark & Bro., these claimants, was a limited partner in that firm. During the continuance of that copartnership, and prior to 1884, the claimants, Geo. A. Clark & Bro., loaned large sums of money, for which the notes of the firm were given. Such indebtedness amounted to $145,000 on January 1, 1884. Prior to February 2, 1884, it was agreed by the members of that firm that it should be dissolved at that time, and the three general partners, Shotwell, Clerihew, and Lothman, agreed to form a new partnership to do business at Minneapolis, in this state. They were to enter upon the new business February 4, 1884. These agreements were carried into effect. It was further agreed between the claimants and the members about to form the Minneapolis partnership, that the latter should take the assets and pay the liabilities of the Cincinnati firm, including the indebtedness of $145,000 to Geo. A. Clark & Bro. Pursuant to this agreement, new notes were executed by Shotwell, Clerihew & Lothman to Geo. A. Clark & Bro., amounting to $145,000, and they were taken by the latter firm in place of the notes previously given them by the old firm. These notes bore no interest on their face; but about a month subsequent to the giving of those notes a further agreement was entered into, under seal, whereby it was contracted, among other things, that, if any of the notes should not be paid at maturity, then they should all immediately become due and payable. It was also provided therein that the indebtedness represented by the notes should "draw interest at and after the rate of six per cent. per annum." There is no specific finding by the referee as to when the notes became payable, and the evidence is not before us. The assets of the Cincinnati firm thus transferred to the new or Minneapolis firm consisted of over $145,-000 in merchandise, about $7,000 cash, besides bills and accounts receivable. The Minneapolis firm proceeded to pay all the debts of the old partnership except that due to these claimants. Upon the

said $145,000 of notes held by the latter, the Minneapolis firm—Shotwell, Clerihew & Lothman—paid $21,000 prior to February 4, 1887. At about the latter date a computation was made and agreed upon between the debtors and these claimants of the amount of interest unpaid on the said notes; and in March, 1887, a new note was executed in favor of these claimants by the debtor firm for $146,333, and this was taken in place of the notes previously given. This note included $22,333 interest on the former notes, as determined by the computation and agreement of the parties. This note of $146,333 evidences the claim here in question. Shotwell, Clerihew & Lothman continued their partnership business until June 20, 1888, when they made the assignment for the benefit of creditors.

One ground upon which the assignee disputes the propriety of the allowance of this claim is because, as is said, the claim was the debt of another partnership which this firm assumed, and the creditors of this insolvent firm are equitably entitled to be first paid out of the insolvent estate. This may be sufficiently answered in two ways. This assignment is of both partnership and individual property, for the payment of all the debts of the assignors, whether they be debts of the partnership or of the individual members. The original indebtedness to these claimants, and which is now represented by the note for $146,333, was a debt for which these assignors were responsible. Their liability has never ceased, and, in any possible view of the case, the claim is provable as a debt of the insolvent assignors. But again, when the Minneapolis firm purchased the assets of the Cincinnati firm, on the dissolution of the latter, and agreed to pay its debts, including that owing these claimants, that became a debt of the new partnership. That indebtedness has never been paid, and the note in question represents the same debt. It is a debt of the insolvent partnership.

But, further, it is contended that the allowance was erroneous to the extent of the $22,333 of interest included in the note last given. No error is apparent in this. This interest may have accrued subsequently to the maturity and default in payment of one of the notes, upon which event, by the terms of the agreement above referred to, all the notes were to become immediately payable, and upon which

interest would be chargeable as from maturity. Or it may be that the agreement of the parties at the time of making the written contract, shortly after the notes were given, included an agreement that the notes should draw interest from their date, and that the obviously incomplete statement in the writing, recited in the foregoing statement of the case, was intended to express such an agreement. If by mistake in the omission, after the word "after," of whatever was necessary and was intended to have been written to make the sentence complete, the writing failed to express the agreement of the parties, it would not follow that the agreement actually made should not be effectual. A suit for reformation might have been maintained; and, even without a judicial reformation of the contract, the parties might with propriety carry into effect any contract which they may have made for the allowance of interest.

Judgment affirmed.